# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

ANTONIO SWEATT,           )

            Petitioner,     )   C. C. A. NO. 02C01-9805-CC-00132

vs.                  )   LAKE COUNTY

STATE OF TENNESSEE,    )   No. 98-7778

            Respondent.   )

FILED

September 25, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

## O R D E R

This matter is before the Court upon motion of the state to affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. This case represents an appeal from the trial court's denial of the petitioner's petition for writ of habeas corpus. The petitioner pled guilty to two counts of aggravated rape in 1990 and received an effective 25 year sentence. No appeal was taken. In his present petition, the petitioner claims that he was induced to plead guilty by a misrepresentation of the extent of his sentence and that his sentence has expired. Specifically, the petitioner claims he was informed that he would be released from prison after serving 30% of his effective sentence because he was sentenced as a Range I offender.

> Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). Since the challenge to the guilty plea in this case would necessarily involve investigation beyond the face of the judgment or record, the trial court properly denied habeas corpus relief. See id. Moreover, the judgment clearly reflects that the petitioner received an effective 25 year sentence in 1990; this sentence has not expired. The petitioner is eligible for parole after serving 30% of his sentence; parole, however, is not guaranteed.

In his brief on appeal, the petitioner contends that the trial court should have treated the petition as one for post-conviction relief. See T.C.A. § 40-30-205(c). This contention is without merit. A petition for post-conviction relief must be filed with the court in which the conviction occurred. T.C.A. § 40-30-204(a). Judgment in this case was rendered in Davidson County, however, this petition was filed in Lake County. Furthermore, judgment in this case became final on December 13, 1990, and this petition was filed on March 26, 1998. Accordingly, the statute of limitations for filing a petition for post-conviction relief had expired. T.C.A. § 40-30-202(a). The petitioner's claim that the statute did not begin to run until he was denied release on parole is without merit. See Cox v. State, No. 02C01-9508-CR-00221 (Tenn. Crim. App., May, 30, 1997).

Accordingly, for the reasons stated above, it is hereby ORDERED that the state's motion is granted and the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOE G. RILEY, JUDGE


_____
PAUL G. SUMMERS, JUDGE


_____
DAVID G. HAYES, JUDGE